# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| **Carlos Gonzalez, # 217075,** ) | Civil Action No. 9:16-0895-RMG-BM |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **REPORT AND RECOMMENDATION** |
| ) | |
| **Brian Stirling, Director of South Carolina** ) | |
| **Dept. of Corrections and Michael Stobbe,** ) | |
| **Branch Chief of Inmate Records**, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

This action has been filed by the Plaintiff, pro se, pursuant to 42 U.S.C., § 1983. Plaintiff, an inmate with the South Carolina Department of Corrections (SCDC), alleges that his constitutional rights are being violated by the named Defendants.

The Defendants filed a motion for summary judgment pursuant to Rule 56, Fed.R.Civ.P., on December 5, 2016. As the Plaintiff is proceeding pro se, a Roseboro Order was entered by the Court on December 6, 2016, advising Plaintiff of the importance of a dispositive motion and of the need for him to file an adequate response. Plaintiff was specifically advised that if he failed to file a properly supported response, the Defendant's motion may be granted, thereby ending his case. However, notwithstanding Plaintiff having been provided an extension of time to respond to the Defendants' motion, he failed to ever file any response to the Defendants' motion for



1

summary judgment, which is now before the Court for disposition.[1]

## Discussion

Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Rule 56, Fed.R.Civ.P. The moving party has the burden of proving that judgment on the pleadings is appropriate. Temkin v. Frederick County Comm'rs, 945 F.2d 716, 718 (4th Cir. 1991). Once the moving party makes this showing, however, the opposing party must respond to the motion with specific facts showing there is a genuine issue for trial. Baber v. Hosp. Corp. of Am., 977 F.2d 872, 874-75 (4th Cir. 1992). Further, while the Federal Court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case, see Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972), the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a Federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Social Services, 901 F.2d 387 (4th Cir. 1990). Here, after careful review and consideration of the Defendants' motion and the docket of this case, the undersigned finds and concludes for the reasons set forth hereinbelow that the Defendants are entitled to summary judgment.

First, this case should be dismissed for failure to prosecute under Rule 41(b),

---

[1] This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d) and (e), D.S.C. The Defendants have filed a motion for summary judgment. As this is a dispositive motion, this Report and Recommendation is entered for review by the Court.



Fed.R.Civ.P., as Plaintiff meets all of the criteria for dismissal under Chandler Leasing Corp. . Lopez, 669 F.2d 929 (4th Cir. 1982).[2]  Accordingly, it is recommended that this action be dismissed for lack of prosecution. See Davis v. Williams, 588 F.2d 69, 70 (4th Cir. 1978); Rule 41(b), Fed.R.Civ.P.; see also Ballard v. Carlson, 882 F.2d 93, 95 (4th Cir. 1989), cert. denied sub nom, Ballard v. Volunteers of America, 493 U.S. 1084 (1990) [Magistrate Judge's prior explicit warning that a recommendation of dismissal would result from plaintiff failing to obey his order was proper grounds for the district court to dismiss suit when plaintiff did not comply despite warning].[3]

Additionally, even if this case is not dismissed for failure to prosecute, the Defendants are entitled to summary judgment on the merits. Plaintiff alleges in his verified Complaint[4] that he is presently confined with the SCDC pursuant to convictions from Horry and Sumter Counties. Plaintiff alleges that on August 24, 2010, the Defendant Stobbe (Branch Chief of Inmate Records) testified during an evidentiary hearing that an error had been discovered with respect to Plaintiff's

---

[2] He is personally responsible for proceeding in a dilatory fashion, the Defendants are suffering prejudice due to having to expend time and resources on a case in which the Plaintiff is unresponsive, and no sanctions other than dismissal appear to exist as the Plaintiff is indigent (and therefore not subject to monetary sanctions) and he has otherwise failed to respond to Court filings despite Court orders requiring him to do so. Lopez, 669 F.2d at 920.

[3] After a litigant has received one explicit warning as to the consequences of failing to timely comply with an order of a Magistrate Judge, and has failed to respond to that order, the district court may, under Fed.R.Civ.P. 41(b), dismiss the complaint based upon the litigant's failure to comply with that court order. See Simpson v. Welch, 900 F.2d 33, 35-36 (4th Cir.1990); see also Ballard, 882 F.2d at 95-96 [holding that district court's dismissal following an explicit and reasonable warning was not an abuse of discretion].

[4] In this Circuit, verified complaints by pro se litigants are to be considered as affidavits and may, standing alone, defeat a motion for summary judgment when the allegations contained therein are based on personal knowledge. Williams v. Griffin, 952 F.2d 820, 823 (4th Cir. 1991). Therefore, even though Plaintiff failed to respond to the motion for summary judgment, Plaintiff's factual allegations in his Complaint have been considered in ruling on the Defendants' motion.

3



sentence, and that the Department of Corrections had determined that Plaintiff's max-out (release) date on his Horry County conviction should be February 2010, not January 18, 2020, as it was at that time listed in the SCDC records. Plaintiff further alleges that the state court concluded after that hearing (which apparently was a post-conviction release (PCR) hearing) that Plaintiff was entitled to have his max-out date on his Horry County sentence corrected, and that Stobbe was to do so, if he had not already done so. Plaintiff alleges, however, that his max-out (release) date was never corrected to reflect the correct max-out date. Rather, instead of complying with the state PCR court's order, Plaintiff alleges that the Defendant Stobbe "maliciously changed the Plaintiff Sumter County sentence ("start") date instead of Horry County max-out date", thereby denying his "constitutional rights. Plaintiff alleges that his Sumter County sentence was running "concurrent" with his Horry County sentence, and had expired at the time of the PCR court's order. Therefore, he should have been released from custody at that time, and that he is therefore currently being "illegally incarcerated". Plaintiff alleges that the Defendant Stirling is liable in this case because, as Director of the SCDC, he has "command and control of inmate records, inmate classification and custody of [the] Plaintiff". Plaintiff seeks monetary damages against the Defendants for violating his constitutional rights, as well as injunctive relief requiring his release from custody.

Plaintiff has attached as exhibits to his Complaint copies of some SCDC computer prisoner status printouts, and a copy of the order issued in his PRC case (Gonzalez v. State, Civil Action No. 2010-CP-26-4832). The conclusion of the state court PCR order reads: "SCDC is hereby directed to correct the Horry County max-out date on indictment No. 1989-GS-26-1729, if it is has not done so already", to reflect the proper max-out date as being in February 2010. However, the



4

state court PCR order further also specifically notes that Plaintiff's Sumter County sentence of thirty (30) years is not affected by this Order.  See Plaintiff's Verified Complaint, with attached Exhibits.

In support of summary judgment in this case, the Defendant Michael Stobbe has submitted an affidavit wherein he attests that he is Branch Chief for inmate records for the SCDC. Stobbe attests that Plaintiff is serving sentences for separate drug trafficking convictions from Horry and Sumter Counties.  Stobbe attest that Plaintiff was convicted in Horry County of trafficking in cocaine, more than one hundred grams, was sentenced to twenty-five (25) years pursuant to S.C.Code Ann. § 44-53-370(e)(2)(c), and that Plaintiff began serving his Horry County sentence on January 18, 1995.  Stobbe further attests that Plaintiff was convicted in Sumter County of trafficking in cocaine, more than four hundred grams, was sentenced to thirty (30) years with a mandatory minimum term of imprisonment of twenty-five (25) years pursuant to S.C.Code Ann. § 44-53-370(e)(2)(e), and that Plaintiff began serving his Sumter County sentence on September 19, 1994.

Stobbe attests that he was made aware of an issue with the calculation of Plaintiff's max-out date for his Horry County sentence in January 2010, and that the max-out date for Plaintiff's Horry County sentence was then adjusted by SCDC records personnel in March 2011 and March 2012 to show the correct max-out date.[5]  See Attached Exhibit C.  However, Stobbe attests that due to the mandatory minimum twenty-five (25) year term of imprisonment imposed in Plaintiff's Sumter

---

[5] Although not clearly set forth in Stobbe's affidavit, it appears that the "max-out" date on Plaintiff's Sumter County sentence may also have been corrected in 2011.  See Court Docket No. 1-1 (supporting Documents to Complaint), pp. 8-9 (dated 10-30-1997 showing max-out date of 7-16-2010 with Full Time Date of 1-27-2022 and Good Time Date of 5-27-2012), p. 10 (dated 10-3101997, showing projected max-out date of 7-16-2010; see also Stobbe Affidavit, # 13 ["That an error was discovered in the SCDC system for both of the Plaintiff's Horry and Sumter County sentences."]; # 17 [". . . his max-out date for the Sumter County sentence, is September 19, 2019, which has been accurately shown on SCDC records since March 2011].

5



County conviction, regardless of the expiration of Plaintiff's Horry County sentence in February 2010, his max-out date for the Sumter County sentence is September 19, 2019, which is accurately shown on SCDC's records.  See, generally, Stobbe Affidavit.  See also, attached Exhibits A, B and C [SCDC Offender Management System computer printouts and copy of Order in Plaintiff's 2010 PCR case].

None of the evidence provided by the parties[6] establishes a genuine issue of fact as to whether either named Defendant is violating Plaintiff's constitutional rights.  First, to the extent Plaintiff is requesting release from prison, that is not relief that is even available in a § 1983 civil rights action.  Rather, Plaintiff must seek such relief through a petition for writ of habeas corpus.  See Heck v. Humphrey, 512 U.S. 477, 481(1994)[stating that "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983"]; Preiser v. Rodriguez, 411 U.S. 475, 487–88 (1973)[attacking the length of duration of confinement is within the core of habeas corpus].  Plaintiff has in fact sought relief through habeas corpus in this Court with respect to the specific claim being asserted in this lawsuit.  See Gonzalez v. Eagleton, Civil Action No. 9:15-3386.  In that habeas action, Plaintiff claimed that the SCDC had erred as to his sentence calculations and that his max-out date should have been in February 2010, such that he should be released from incarceration (the same claim he asserts here).

However, after filing that petition, and learning that (since he had already filed two

---

[6] The Defendants have also provided an affidavit from James Simmons, Inmate Grievance Administrator at the SCDC.  As it was not necessary to consider this evidence in order to rule on the motion for summary judgment, it has not been discussed.



*previous* federal habeas petitions) he had to obtain pre-filing authorization from the Fourth Circuit Court of Appeals in order to proceed with a new habeas petition, Plaintiff asked this Court to dismiss that petition, without prejudice, so that he could request the Fourth Circuit's permission to file another habeas case. Petitioner's motion was granted, and that petition was dismissed without prejudice. See Gonzalez v. Eagleton, Civil Action No. 9:15-3386, at Court Docket Nos. 35 and 37. However, Plaintiff has never refiled another habeas petition, nor has he provided any evidence that he ever sought permission from the Fourth Circuit to do so. See 28 U.S.C. § 2244(b)(3) [Requiring pre-filing authorization]; United States v. Winestock, 340 F.3d 200, 205 (4th Cir. 2003)["In the absence of pre-filing authorization [from the court of appeals], the district court lacks jurisdiction to consider an application containing abusive or repetitive claims."]. Therefore, Plaintiff may not seek release from prison in this civil rights action.

    Additionally, to the extent Plaintiff seeks monetary damages against these Defendants, Heck further provides that before a prisoner may recover damages for an allegedly unconstitutional conviction or imprisonment, they must first prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by federal court's issuance of a writ of habeas corpus. A claim for damages bearing a relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Heck, 512 U.S. at 486-487. Here, of course, the allegations of Plaintiff's Complaint, as well as Plaintiff's own exhibits (in addition to the evidence provided by the Defendants), make clear that (notwithstanding Plaintiff's repeated attempts to obtain relief on this claim) Plaintiff's sentence, including his current max-out date for his Sumter County



conviction, has not been invalidated or called into question by any court (either state or federal) or by a state tribunal authorized to make such a determination.

Therefore, Plaintiff cannot maintain a for damages under § 1983 against either named Defendant based on his continued incarceration in the SCDC. Heck, 512 U.S. at 487 [Damage claim under § 1983 barred unless Plaintiff can show that conviction or sentence has been previously invalidated]; Thomas v. South Carolina, No. 08-3039, 2009 WL 210917 at * 3 (D.S.C. Jan. 27, 2009)["Since Plaintiff has not been successful in having his . . . conviction set aside by way of appeal, PCR, habeas corpus, or otherwise before he filed this case, and because Plaintiff's allegations of excessive, illegal sentence, if true, would necessarily invalidate his conviction, he cannot sue any of the Defendants' because of their involvement in his prosecution, conviction and/or ultimate imprisonment."]; James v. Nettles, No. 08-2413, 2008 WL 4450242 at * 3 (D.S.C. Sept. 29, 2008)["As Plaintiff makes no allegations that his . . . sentence . . . has been invalidated, this case is subject to summary dismissal."].

Additionally, as Plaintiff remains incarcerated pursuant to court orders, both of these Defendants would be entitled to qualified immunity from any damages claimed based on Plaintiff's continued incarceration in any event. See Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982) [State actor entitled to qualified immunity from suit where conduct did not violate clearly established statutory or constitutional rights of which a reasonable person would have known]; Wiley v. Doory, 14 F.3d 993, 995 (4th Cir. 1994) ["If there is a legitimate question as to whether an official's conduct constitutes a constitutional violation, the official is entitled to qualified immunity] (internal citations omitted), cert. denied, 516 U.S. 824 (1995).



**Conclusion**

Based on the foregoing, it is recommended the Defendants' motion for summary judgment be **granted**, and that this case be **dismissed**.

If dismissed pursuant to Rule 41(b) for failure to prosecute, the dismissal should be with prejudice.  Cf. Williams v. Horry County Policy Dep't., No. 15-2329, 2016 WL 4061104 at * 1 (D.S.C. July 29, 2016).  However, if dismissed on the merits, then with respect to Plaintiff's claim for monetary damages, Plaintiff's claim should be dismissed without prejudice pursuant to Heck v. Humphrey. See Abrahm v. Jay, No. 94-601, 1994 WL 387873 (N.D.Cal., July 12, 1994) [Noting that a dismissal under Heck v. Humphrey "is without prejudice to plaintiff re-raising his claim for damages once a cause of action has accrued."]; Fottler v. United States, 73 F.3d 1064, 1065 (10th Cir. 1996).

The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

February 16, 2017
Charleston, South Carolina

9



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see*  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).



10