# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# BEAUFORT DIVISION

| | |
|---|---|
| Carlos Gonzalez, ) | Civil Action No. 9:16-895-RMG |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER AND OPINION** |
| ) | |
| Brian Sterling, *Director of South Carolina* ) | |
| *Department of Corrections*; Michael ) | |
| Stobbe, *Branch Chief of Inmate Records*, ) | |
| ) | |
| Defendants. ) | |
| ) | |

This matter is before the Court on the Report and Recommendation of the Magistrate Judge, recommending summary judgment for Defendants. Also before the Court is Plaintiff's motion for an extension of time in which to respond to Defendants' motion for summary judgment. For the reasons set forth below, the Court denies the motion for an extension, adopts the Report and Recommendation, grants summary judgment for Defendants.

## I. Background

Plaintiff alleges that he is presently imprisoned within the South Carolina Department of Corrections ("SCDC") under criminal convictions returned in Horry County and in Sumter County. Plaintiff alleges that on August 24, 2010, the Defendant Stobbe, SCDC's Branch Chief of Inmate Records, testified during an evidentiary hearing that an error had been discovered with respect to Plaintiff's sentence, and that the Department of Corrections had determined that Plaintiff's release date on his Horry County conviction should be February 2010, not January 18, 2020, as it was at that time listed in SCDC records. Plaintiff further alleges that the state court concluded after that hearing that Plaintiff was entitled to have his release date on his Horry County sentence corrected, and that Stobbe was to do so, if he had not already done so. Plaintiff alleges

that his release date was never corrected, and that Defendant Stobbe instead "maliciously" changed the start date of his Horry County sentence. Plaintiff alleges that his Sumter County sentence was concurrent with his Horry County sentence, and had expired at the time of the state court's order. He therefore should have been released from custody, and is currently being "illegally incarcerated."

Defendant Stobbe avers that he was made aware of an issue with the calculation of Plaintiff's release date for his Horry County sentence in January 2010, and that the release date was then adjusted by SCDC records personnel in March 2011 and March 2012 to show the correct date. Stobbe further avers that due to the mandatory minimum 25 year term of imprisonment imposed in Plaintiff's Sumter County conviction, his release date for the Sumter County sentence is September 19, 2019, regardless of the expiration of Plaintiff's Horry County sentence in February 2010.

On March 21, 2016, Plaintiff filed this action seeking monetary damages against the Defendants for violating his constitutional rights, as well as injunctive relief requiring his release from custody. Defendants moved for summary judgment on December 5, 2016. (Dkt. No. 19.) Plaintiff's response was due on January 9, 2017. On January 17, 2017, Plaintiff moved for a 60-day extension of time for his response. (Dkt. No. 23.) The Court granted his motion in part, granting a 30-day extension to February 10, 2017. (Dkt. No. 24.) The Court noted that extension would give Plaintiff a total of 60 days in which to respond to Defendant's motion, and that no further extensions are juditified. (Id.) Plaintiff filed no response and on February 16, 2017, the Magistrate Judge recommended granting Defendants' motion for summary judgment. (Dkt. No. 27.) Plaintiff's objections were due by March 6, 2017. Plaintiff filed no objections; however, on March 6, 2017, the Court received a motion (postmarked March 3, 2017) seeking a 60-day

extension of time in which to respond to Defendants' motion for summary judgment. (Dkt. No. 29.)

## II. Legal Standard

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge. 28 U.S.C. § 636(b)(1).

When a proper objection is made to a particular issue, "a district court is required to consider all arguments directed to that issue, regardless of whether they were raised before the magistrate." *United States v. George*, 971 F.2d 1113, 1118 (4th Cir. 1992). However, "[t]he district court's decision whether to consider additional evidence is committed to its discretion, and any refusal will be reviewed for abuse." *Doe v. Chao*, 306 F.3d 170, 183 & n.9 (4th Cir. 2002). "[A]ttempts to introduce new evidence after the magistrate judge has acted are disfavored," though the district court may allow it "when a party offers sufficient reasons for so doing." *Caldwell v. Jackson*, 831 F. Supp. 2d 911, 914 (M.D.N.C. 2010) (listing cases).

## III. Discussion

As a preliminary matter, the Court denies Plaintiff's motion for an extension of time to file a response to Defendants' motion for summary judgment. Plaintiff was given 60 days in which to file a response, it has now been over 90 days since Defendants' moved for summary judgment and Plaintiff has yet to respond, and when the Court granted in part his previous motion for an extension it told Plaintiff that no further extensions would be justified. Plaintiff has not attempted to show good cause for his non-compliance with the Court's scheduling orders.

The Court agrees with the analysis of the Magistrate Judge and grants summary judgment for Defendants. Plaintiff may not seek release from prison as relief in a § 1983 action. *Heck v. Humphrey*, 512 U.S. 477, 481 (1994). As the Magistrate Judge notes, Plaintiff has in fact sought habeas relief in this Court on this specific claim. *See Gonzalez v. Eagleton*, Civ. No. 9:15-3386 (D.S.C.). Because that was petitioner's third habeas petition, Petitioner asked the Court to dismiss it without prejudice so he could permission to file a successive petition from the United States Court of Appeals for the Fourth Circuit. The Court granted his request, but he has not since sought permission to file a successive petition. The Fourth Circuit denied his previous request in 2007 for permission to file a successive petition. *See In re Gonzalez*, No. 07-151 (4th Cir. Apr. 24, 2007). Nor may Plaintiff seek monetary damages from prison officials for an allegedly unconstitutional term of imprisonment that has not been invalidated. *Heck*, 512 U.S at 486–87. Plaintiff's sentence has not been invalidated by any state or federal court.

## IV.    Conclusion

For the foregoing reasons, the Court **DENIES** Plaintiff's motion for an extension (Dkt. No. 29), **ADOPTS** the Report and Recommendation of the Magistrate Judge (Dkt. No. 27) as the Order of the Court, and **GRANTS** Defendants' motion for summary judgment (Dkt. No. 19).

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

March 9, 2017
Charleston, South Carolina